# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TROY NOWLEN,<br><br>　　　　Defendant. | No. CR06-4106-MWB<br><br>**DETENTION ORDER** |

　　　　This matter came on for detention hearing on January 29, 2007. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Troy Nowlen appeared in person with his attorney, Patrick Parry. The Government offered the testimony of TFO Mike Simons. Nowlen offered the testimony of his father Michael Nowlen.

　　　　The court must determine whether any condition or combination of conditions will reasonably assure Nowlen's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

　　　　The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Nowlen as required and the safety of the community if the court finds there is probable cause to believe Nowlen committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Nowlen has a prior felony drug conviction. He is facing a twenty-year mandatory minimum sentence if convicted on the present charges. In addition, the evidence indicates Nowlen has a serious drug problem about which both he and his parents are in denial.

Nowlen has failed to offer any evidence to rebut the presumption that he is a danger to the community. The presumption arises from the charge itself – a serious drug charge involving distribution of a significant quantity of very pure crystal methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985).

Viewing the record as a whole, the court finds nothing to indicate Nowlen would be able to refrain from continuing to engage in criminal activities if he were released. Further, although Nowlen has ties to the local community, his history of drug-related activities and a prior conviction for failure to appear indicate he is a flight risk.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Nowlen is a flight risk, and by clear and convincing evidence that Nowlen would be a danger to the community if released. Therefore, the court finds the following:

1. Nowlen is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Nowlen reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Nowlen to the

United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Nowlen must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 29th day of January, 2007.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT